UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALVARO ESNEL GUZMAN GUZMAN, *an adult*,<br><br>    Petitioner,<br><br>    v.<br><br>JASON WEISS, *Eugene Field Office Director for Immigration and Customs Enforcement and Removal Operations;* DREW BOSTOCK, *Seattle Field Director for Immigration and Customs Enforcement and Removal Operations;* TODD LYONS, *Acting Director of Immigration Customs Enforcement*; U.S. IMMIGRATON AND CUSTOMS ENFOCEMENT; KRISTI NOEM, *Secretary of the Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, *Attorney General of the United States*,<br><br>    Respondents. | Case No. 6:25-cv-02146-MC<br><br>**ORDER** |

MCSHANE, Judge:

    Respondent Immigration and Customs Enforcement ("ICE") detained Petitioner Alvaro Esnel Guzman Guzman on November 19, 2025. The same day, Mr. Guzman filed a Petition for

Writ of Habeas Corpus. He also filed a Motion for a Temporary Restraining Order ("TRO") asking this Court to enjoin Respondents from removing him from the District of Oregon. For the reasons below, Mr. Guzman's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED. His Motion for a TRO, ECF No. 4, is DENIED as moot.

## BACKGROUND

Petitioner Alvaro Esnel Guzman Guzman is a citizen of Venezuela. Pet. Habeas Corpus 2, ECF No. 1. He and his wife, Debra Guzman, call Eugene, Oregon home. Pet. 7. According to Mrs. Guzman, her husband is a "hardworking, honest, and law-abiding member of the Eugene community and a caring and supporting husband." Guzman Decl. 1, ECF No. 4. Mr. Guzman has no criminal history. The record only depicts Mr. Guzman as someone strongly rooted in the Eugene community.

On November 5, 2023, Mr. Guzman fled Venezuela to the United States, fearing violence and extortion by Venezuelan armed forces. Bautista Decl. 2, ECF No. 10. He was lawfully paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id*. Mr. Guzman's parole was set to expire on November 3, 2024. *Id*. After releasing Mr. Guzman, Respondents served him a Notice to Appear with an initial immigration court hearing on October 25, 2027. Bautista Decl. Ex. 2, at 1, ECF No. 10. Mr. Guzman applied for asylum in February 2025. Bautista Decl. 3. For two years, Mr. Guzman has resided in the United States. He got married. He built a life.

On the morning of November 19, 2025, Department of Homeland Security officers were "running the license plates of vehicles they encountered in an indiscriminate manner." Bautista Decl. 3. The officers stopped Mr. Guzman's car after running his license plate—the search showed Mr. Guzman was a noncitizen who failed to notify the agency that he changed his

Page 2 — ORDER

address. *Id*. Respondents detained Mr. Guzman and immediately transferred him to the Northwest ICE Processing Center in Tacoma, Washington. *Id*. at 4.

On November 26, this Court held oral argument on Mr. Guzman's petition. Mins. Of Proceedings, ECF No. 11. For reasons explained on the record and discussed below, this Court ordered Mr. Guzman immediately released from his unlawful detention. *Id*.

## STANDARD

To obtain habeas relief, Petitioner must prove that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Courts have "broad discretion" in constructing a remedy in habeas cases. *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

## DISCUSSION

Mr. Guzman petitions for a writ of habeas corpus, arguing that Respondents unlawfully detained him. Respondents solely rely on § 1225(b)(2) to justify his detention. Resp. to Pet. 6, ECF No. 9. This Court adds to the consistent, growing drumbeat of opinions in the District of Oregon and across the country finding that detaining a person already present in the United States under 8 U.S.C. § 1225(b)(2) is unlawful.[1]

The Immigration and Nationality Act ("INA") provides two statutory sections that authorize detention: § 1225 applies to noncitizen applicants "seeking admission into the country[;]" and § 1226 governs noncitizens "already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Under § 1225(b)(2),

---

[1] *See J.Y.L.C. v. Bostock et al.*, 3:25-cv-02083-AB, 2025 WL 3169865 (D. Or. Nov. 12, 2025); *L.A.E. v. Wamsley et al.*, 3:25-cv-01975-AN, 2025 WL 3037856 (D. Or. Oct. 30, 2025); *Rodriguez Vasquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025); *Salcedo Aceros v. Kaiser, et al.*, 25-CV-06924-EMC (EMC), 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); *Maldonado Vazquez v. Feeley*, 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299; *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025).

detention is generally mandated for noncitizens who just crossed the Nation's borders and ports of entry seeking admission. *Id*. at 287. Alternatively, § 1226 provides the default process for discretionary detainment of noncitizens *already present* in the country pending removal proceedings. *Id*. at 303.

Respondents argue that Mr. Guzman is subject to the mandatory detention of § 1225(b)(2) because he is an "arriving alien/applicant for admission" under § 1225(a)(1). Resp. 2. This Court is unpersuaded by Respondents' newfound interpretation of the INA.

Most notably, Respondents' packaging of § 1225(b)(2) conflicts with the plain text of the statute. Section 1225(b)(2) provides:

> Subject to subparagraphs (B) and (C), in the case of an ***alien who is an applicant for admission***, if the examining immigration officer determines that ***an alien seeking admission*** is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229(a) of this title. (emphasis added).

Respondents argue that § 1225(b)(2) is a "catchall provision that applies to all applicants for admission not covered by Section 1225(b)(1)."[2] Resp. 7. This argument ignores the textual importance of the phrase "[noncitizen] seeking admission." A fundamental canon of statutory construction holds that different terms in a given statute usually have different meanings. *Pulsifer v. United States*, 601 U.S. 124, 149 (2024). Congress chose to require that a noncitizen be (1) an "applicant for admission" *and* (2) someone "seeking admission" for § 1225(b)(2) to apply. Moreover, if these requirements were conflated as Respondents desire, it would result in superfluous language in the statute

Respondents also fail to convince this Court to ignore the context of the INA's statutory framework, legislative history, and longtime agency practice, all of which undermine their

---

[2] § 1225(b)(1) applies to noncitizens "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Jennings*, 583 U.S. at 287.

position. *See Rodriguez Vasquez v. Bostock, et al.*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–26 (W.D. Wash. Sept. 30, 2025) (detailing how Respondents' interpretation of § 1225 "belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); *see also Sarmiento Guerrero v. Noem*, No. 25-CV-5881 (EK), 2025 WL 3214787, at *3–7 (E.D.N.Y. Nov. 18, 2025) (outlining how Respondents' argument conflicts with statutory text, statutory context, and precedent).

Nevertheless, Respondents obdurately trudge forward suggesting Mr. Guzman's situation is different because his parole expired. Resp. 8. Respondents ask this Court to indulge in a fanciful exercise: treat Mr. Guzman as if he was physically re-detained back at the United States border. *Id*. This Court will not contort the facts to engage in such legal gymnastics.[3]

Mr. Guzman is not a noncitizen "seeking admission" within the meaning of § 1225(b)(2). His factual circumstances clearly fall within the default scope of § 1226 that "authorizes the Government to detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Mr. Guzman has lived in the United States since 2023. Pet. 2; Bautista Decl. 2. He was detained in Eugene, which is neither a border city nor a port. *Id*. at 3. Mr. Guzman was not seeking admission into the country when Respondents re-detained him, as demanded by the text of § 1225(b)(2).

---

[3] The exercise is commonly known as "entry fiction," a doctrine applied to determine what *constitutional* rights are owed a noncitizen who is physically present in the United States but has not been lawfully admitted. *See O.F.V. v. Maldonado, Jr.*, No. 25-CV-6336 (HG), 2025 WL 3277677, at *5 (E.D.N.Y. Nov. 25, 2025) (rejecting the application of entry fiction to the statutory analysis of detaining a noncitizen whose parole expired). However, the matter before the Court here is one of statutory analysis. Even if entry fiction applied here, it would speak to whether Mr. Guzman is an "applicant for admission" and not whether he was "seeking admission" at the time of his re-detention as required by § 1225(b)(2).

Because Respondents rely on § 1225(b)(2) to justify detaining Mr. Guzman, a noncitizen already residing in the country, his custody is unlawful.[4] Respondents fail to convince this Court to adopt such a novel, constitutionally precarious reading of § 1225(b)(2).

## CONCLUSION

Because Respondents are unable to justify Mr. Guzman's detainment under § 1225(b), his Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED. This Court orders Respondents to immediately release Mr. Guzman. Mr. Guzman's Motion for Temporary Restraining Order, ECF No. 4, is DENIED as moot. Mr. Guzman shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation hearing before a neutral decisionmaker, where Respondents have the burden of establishing, by clear and convincing evidence, that Mr. Guzman poses a danger to the community or a risk of flight.

**IT IS SO ORDERED.**

DATED this 8th day of December, 2025.

                                                    /s/ Michael McShane
                                                    Michael McShane
                                          United States District Judge

---

[4] By electing not to invoke § 1226 as justification for Mr. Guzman's detention, Respondents waive this argument.